PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Petitioner, v. IROQUOIS NATURAL GAS COMPANY, Defendant.

(Supreme Court, Erie Special Term for Motions, May, 1918.)

Public service commission — gas companies — city of Buffalo — natural gas — corporations — evidence — injunctions.

Upon the filing by defendant, a gas company, in the office of the public service commission, second district, of a schedule of proposed increase of rates for natural gas in the city of Buffalo, a complaint was made by the mayor of the city and steps taken through the public service commission to investi-

**588** Pub. Serv. Comm. *v.* Iroquois Natural Gas Co.

Supreme Court, May, 1918.        [Vol. 103.

gate the reasonableness of the suggested new rate or rates. *Held,* that a stipulation entered into, several years before, by the defendant and several other corporations with said commission, upon granting defendant's request to purchase, take over and operate the various gas plants and exercise various rights and privileges belonging and appertaining to the other said corporations, providing that in any proceeding to fix the rate or rates which should be charged as a maximum or otherwise, etc., the burden of proof should be upon the defendant to establish affirmatively that any price in excess of thirty-two cents gross and thirty cents net for each 1,000 cubic feet of natural gas is just and reasonable means that the burden is assumed by defendant to establish that any proposed new rate is just and reasonable before such rate could be put into effect and that the only way in which it could be put into effect is by the judgment to be entered by the public service commission after investigation, and upon application by said commission collection of the higher rate will be enjoined until such determination.

An offer of the defendant to issue rebate certificates with bills and to deposit money in bank to secure reimbursement in case the proposed new rate be held unreasonable cannot be given any controlling weight.

Application for an injunction.

Ledyard P. Hale, for petitioner.

Kenefick, Cooke, Mitchell & Bass (Daniel J. Kenefick, of counsel), for defendant.

William S. Rann and Frederic C. Rupp, for city of Buffalo, intervenor.

Taylor, J. In September, 1911, this defendant and various other domestic and foreign corporations were severally producing, acquiring, selling and distributing natural gas in and about western New York, or conducting one or more of such enterprises. In that month this defendant and these several companies filed various petitions with this petitioner, in general to

Pub. Serv. Comm. *v.* Iroquois Natural Gas Co.   **589**

Misc.]          Supreme Court, May, 1918.

obtain permission for this defendant to purchase, take over and operate the various gas plants and exercise various rights and privileges belonging and appertaining to the other said corporations. Finally the time came when this petitioner, instead of making as full an investigation into the capitalization, properties, franchises and general situation of said various corporations as perhaps might otherwise have been made, granted the request of such corporations — but only after such corporations had entered into a certain written stipulation. Of course, I must follow the usual rule in holding that all conferences, proposals and discussions preceding the making of said stipulation are merged in that formal document; but it is appropriate to say that it was the evident intention of all the parties to get into a situation such that through the Public Service Commissions Law and the said stipulation the present and future rights of all parties concerned, including the citizens, should be fully conserved.

The Public Service Commissions Law contains many provisions which empower and enable this petitioner to regulate and control gas corporations. It is provided substantially in section 74 of such act that whenever this commission shall be of opinion that a gas corporation within its jurisdiction is failing or omiting, or about to fail or omit, to do anything required of it by law or by order of the commission, or in violation of law, or of any order of the commission, such commission through its counsel may commence a proceeding in the Supreme Court for the purpose of enjoining such violation or threatened violation. Sections 71 and 72 of said act make provision whereby this petitioner may investigate as to the cause of complaints made in writing by the mayor of a city, the trustees of a village, a certain number of customers

or purchasers of gas, or of a gas corporation specifying in particular the procedure to be followed.

In this proceeding the petitioner complains that in disregard of its legal obligation, and of the stipulation above mentioned, this defendant on November 30, 1917, and on March 28, 1918, respectively, filed in the peti-tioner's office a tariff increasing its rates for natural gas in the city of Buffalo, and in various towns and cities in western New York, from thirty-two cents, gross, and thirty cents, net, per 1,000 cubic feet to thirty-seven cents per 1,000 cubic feet for each 1,000 cubic feet up to and including 40,000 cubic feet and forty-two cents for each 1,000 cubic feet in excess of 40,000 cubic feet monthly, and to thirty-seven cents per 1,000 cubic feet for each 1,000 cubic feet up to and including 10,000 cubic feet, and forty-two cents per 1,000 cubic feet for each 1,000 cubic feet in excess of 10,000 cubic feet weekly, effective January 1, 1918; that the operation date of such proposed new tariff has been postponed by the defendant from time to time until May 1, 1918, and that on said date the new tariff has by the defendant been put into force and effect so far as the defendant can make it of force and effect, and that the defendant threatens and intends to collect the increased rate from all consumers from May 1, 1918. On December 11, 1917, the mayor of the city made a complaint to the petitioner against permitting the defendant to carry through the proposed increase of rates in the city of Buffalo, and asked for an examination into the justice and reasonableness thereof. In January, 1918, the petitioner made an order that the defendant make answer to the complaint, which the defendant did on January 29, 1918. In its answer the defendant denied that it was bound by said stipulation to do any more than assume the burden of proof in any regular proceeding brought, and claimed and

Pub. Serv. Comm. *v.* Iroquois Natural Gas Co.   591

Misc.]                    Supreme Court, May, 1918.

now claims that the stipulation did not prohibit the defendant from increasing the rate and collecting the increased rate pending an investigation and an order from this petitioner to the contrary. As a further portion of the history of the case it may be said that in the latter part of March this year this defendant through petition endeavored to obtain a writ of prohibition commanding this petitioner to cease and desist from conducting the above mentioned proceeding.

After consideration the said application has been denied by Mr. Justice Hasbrouck. The petitioner claims that in thus attempting to put into effect a new schedule of rates as of May 1, 1918, the defendant has failed and omitted, and is about to fail and omit, to do a thing required of it by law and by order of the petitioner, namely, to furnish gas at the old rates until such time as it shall have duly proven to this petitioner that such old rates are unreasonable and unjust.

I will now insert the portions of the stipulation mentioned which are or may possibly be directly involved in the motion before me:

" 2. (The Iroquois Natural Gas Company stipulates) that in any proceeding to fix the rate or rates which shall be charged as a maximum, or otherwise, for natural gas supplied to customers within the cities, towns and villages now served by the companies whose properties are to be transferred to the Iroquois Natural Gas Company — the burden of proof shall be upon said Iroquois Natural Gas Company to establish affirmatively that any price in excess of thirty-two cents, gross, and thirty cents, net, for each one thousand cubic feet of natural gas is just and reasonable; and in default of evidence fairly and reasonably meeting such burden the commission, or other lawful authority, may, without other proof or evidence, fix

**592** Pub. Serv. Comm. *v.* Iroquois Natural Gas Co.

Supreme Court, May, 1918.          [Vol. 103.

and determine the just and reasonable rate for natural gas in said municipalities at thirty-two cents, gross, and thirty cents, net, for each one thousand cubic feet.

" 4. The foregoing stipulations shall not preclude the commission, or other lawful authority, from exercising any power conferred upon it by law to investigate and determine as to the reasonableness of the existing rate of thirty-two cents, gross, and thirty cents, net, per one thousand cubic feet."

The defendant correctly contends (Pub. Serv. Com. Law, § 66, subd. 12) that, upon giving thirty days' notice to the commission and publication for thirty days as required by order of the commission, the defendant has a full right to file a schedule of increased gas rates. The defendant further contends that the filing of such schedule empowers the gas corporation to collect the increased rate after the expiration of the thirty days; and whether or not this be true is the crux of the whole controversy now before me, the petitioner claiming that the fair intendment of the stipulation in question is that no increased rate may be collected until the reasonableness thereof has been passed upon by the appropriate commission.

The defendant further contends, and correctly, that prior to the making of the said stipulation the burden of proof was always on the complainant in a rate proceeding. It further correctly contends that the Public Service Commissions Law, section 29, specifically empowers this petitioner, but only since April 8, 1914, to suspend the effectuation of an increased rate attempted to be put into effect by a railroad corporation pending a hearing — and the defendant argues that had the legislature, or had the commissioners, or other parties interested at the time such stipulation was drawn, intended to postpone the collection of an increased rate until after a hearing such intention

Pub. Serv. Comm. *v.* Iroquois Natural Gas Co.   **593**

Misc.]                Supreme Court, May, 1918.

could easily and plainly have been indicated by appropriate language. The defendant further contends that in the pending proceeding brought about through the complaint of the mayor of the city of Buffalo, it is obeying the stipulation and is assuming the burden of proof. The defendant contends that it is fair and reasonable that higher rates should be paid from May 1, 1918; that if the collection of such higher rate be enjoined and it should be determined later in the proceeding now pending that the company had been entitled to the higher rate, irreparable loss would result to the defendant; and, lastly, that if this injunction be denied the defendant has offered to the public service commission, and now offers in this proceeding to file a stipulation that from the time the new rate is effective it will issue to its customers with their bills rebate certificates entitling them to the difference in the bills based on the old rate and those based on the new rate in the event that the new rate is finally determined to be unreasonable, and that it will deposit in a bank the excess between the old and the new rates in order that the same may draw bank interest.

Whatever may or may not be the full scope of the stipulation in question, everything considered, is not for me now to determine. It is for me merely to pass upon the stipulation as involved in the application before me. So, what is the situation? The defendant files schedules providing for an increased rate; a complaint is made by the mayor of the city of Buffalo and steps are taken through the public service commission to investigate the reasonableness of the suggested new rate. Of course, there might well be occasions in which a " proceeding " would be initiated by a written complaint as to the prices of gas, etc., when no schedule of proposed new rates had been filed. However, in the situation here involved, even though the schedule of

new rates was filed before any complaint was made and such filing was the cause of the complaint, and even though the effectuating time of such schedule has been postponed from time to time, a complaint has been made and an investigation is under way and a '' proceeding '' is, therefore, on, which in this instance, as it appears to me, was initiated and caused by the filing of the schedule of proposed increased rates. This in my judgment disposes of this portion of the controversy. Then, what is the real and full meaning of the portion of this stipulation which states that '' in any proceeding to fix the rate which shall be charged for gas, the burden of proof shall be upon said Iroquois Natural Gas Company to establish affirmatively that any price in excess of thirty-two cents, gross, etc., is just and reasonable? '' Is it a stipulation merely as to a rule of evidence? Or does it go further, and when the company proposes a raise in rates was it fairly intended that the company should sustain the burden of showing such increase to be fair before collecting the additional amount? Perhaps the situation is not exactly analogous, but, in the ordinary case of a civil claim of one person against another and an action brought, the burden of proof is on the person making the claim, and that means that he cannot obtain his judgment and enforce it nor realize on his claim at all until he has met the burden of establishing his right to his claimed remedy. It is the contention of the petitioner here that the fair intendment of the words used in this stipulation is that in this present situation, which, as I think I have shown, is a '' proceeding,'' the language quoted from the stipulation means that the burden is assumed by the gas corporation to establish by proof that any proposed new rate is just and reasonable before such rate can be put into effect; and that the only way in which the new rate

Pub. Serv. Comm. *v.* Iroquois Natural Gas Co. **595**

Misc.]                Supreme Court, May, 1918.

can be put into effect is by what may be called the judgment to be entered by the public service commission after investigation. With this contention I agree.

Counsel for the defendant argues that the interpretation desired by the petitioner is strained and unwarranted and that, if it were accepted, then if the company at any time should file a schedule of increased rates and no complaint were made under section 71 or 72 of the law in question, it would still be necessary for the gas corporation to make proof somewhere or somehow that the rate was reasonable. I see no merit in this claim. It is perfectly apparent to me that if a schedule of proposed new rates were filed and no complaint were made, no '' proceeding '' would be pending. There being no objection the matter would go by default, and, of course, no proof would be necessary.

The offer of the defendant to issue rebate certificates with bills and to deposit money in the bank to secure reimbursement in case the proposed new rate be held unreasonable cannot be given any controlling weight. To place thousands of citizens in the position of perhaps being required to collect back moneys advanced under such circumstances would be no different from compelling a person charged with being a debtor to pay in advance of an adjudication of his rights, and then, in the event of his meeting the charge successfully, forcing him to recover back his money — except that in the present instance many people are involved instead of one. And with the rule as contended for by defendant, the operation could be repeated as often as defendant chose — by filing new schedules.

I conclude that an injunction should issue as prayed for in the petition herein.

Application granted.